**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Raymond P. Moore**

Civil Action No. 19-cv-03710-RM-NRN

EMINA GEROVIC,

     Plaintiff,

v.

CITY AND COUNTY OF DENVER, a Body politic and corporate of the State of Colorado,
acting by and through its DEPARTMENT OF GENERAL SERVICES and FACILITIES
MANAGEMENT OPERATIONS;
LEROY LEMOS, in his official capacity as Facilities Management Operations Supervisor at the
Department of General Services, and in his individual capacity;
MURPHY ROBINSON, in his official capacity as Executive Director of General Services, and
in his individual capacity;
JAMES E. WILLIAMSON, in his official capacity as Facilities Management Operations
Director at the Department of General Services, and in his individual capacity;
KEVIN O'NEILL, in his official capacity as Facilities Management Operations Deputy Director
at the Department of General Services, and in his individual capacity; and,
JOEL WOMICK, in his official capacity as Assistant Director of Operations of Facilities
Management Operations at the Department of General Services, and in his individual capacity,

     Defendants.

---

**ORDER**

---

     This matter is before the Court on the September 30, 2020, Recommendation of United

States Magistrate Judge N. Reid Neureiter (ECF No. 63) to grant in part and deny in part

Defendants' renewed motion for partial dismissal (ECF No. 55) of Plaintiff's complaint.  The

Court accepts and adopts the recommendation, and it is incorporated herein by reference.  *See* 28

U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).

     Plaintiff initially filed this lawsuit in December 2019, subsequently amending her

complaint twice.  As pled in the second amended complaint, Defendants seek dismissal of (1)

Plaintiff's hostile work environment claims under Title VII for failure to exhaust administrative remedies and failure to state a claim and under 42 U.S.C. § 1981 for failure to state a claim; (2) Defendants Murphy Robinson and Kevin O'Neil  for lack of personal participation; and (3) Plaintiff's claim that she was denied equal protection under the Fourteenth Amendment as untimely.  (ECF No. 21.)  After the motion was fully briefed and arguments were heard, the magistrate judge determined that Plaintiff failed to state a plausible hostile work environment claim under Title VII and 42 U.S.C. § 1981; that Plaintiff's equal protection claim was not barred by the statute of limitations; and that claims against Defendants Robinson and O'Neal sufficiently alleged actionable conduct as to both men.  (ECF No. 63 at 14, 18, 20.)

The recommendation advised the parties that specific written objections were due within fourteen days after being served a copy of the recommendation.  The parties did not object, and the time to do so has expired.

"In the absence of a timely objection, the district court may review a magistrate judge's report under any standard it deems appropriate."  *Summers v. State of Utah*, 927 F.3d 1165, 1167 (10th Cir. 1991).  The Court concludes the magistrate judge's analysis was thorough and sound and discerns no clear error on the face of the record.

In accordance with the forgoing, the Court:

(1) ACCEPTS and ADOPTS the recommendation (ECF No. 63);

(2) GRANTS in part and DENIES in part the renewed motion to dismiss (ECF No. 55);

(3) DISMISSES Plaintiff's claims for hostile work environment as such claims may be contained within Plaintiff's First and Third claims for relief; and

(4) ALLOWS Plaintiff's Fourth claim for relief and all claims against Defendants O'Neal and Robinson to proceed.

DATED this 18th day of November, 2020.

BY THE COURT:

RAYMOND P. MOORE
United States District Judge