IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore

Civil Action No. 19-cv-03710-RM-NRN

EMINA GEROVIC,

 Plaintiff,

v.

CITY AND COUNTY OF DENVER,
LEROY LEMOS,
MURPHY ROBINSON,
JAMES E. WILLIAMSON,
KEVIN O'NEIL,
JOEL WOMICK,
KYLE KNOEDLER, and
HSS, INC.,

 Defendants.

## ORDER

Before the Court is Plaintiff's Motion to Alter or Amend Judgment (ECF No. 135), seeking relief under Federal Rule of Civil Procedure 59(e) from the Court's January 4, 2022, Order (ECF No. 129), which, inter alia, granted the City Defendants' Motion for Summary Judgment (ECF No. 97). The Motion has been fully briefed (ECF Nos. 136, 137, 140) and is denied for the reasons below.

### I. LEGAL STANDARD

 A. Rule 59(e)

Grounds for granting relief under Fed. R. Civ. P. 59(e) include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear

error or prevent manifest injustice. *Monge v. RG Petro-Mach. (Grp.) Co.*, 701 F.3d 598, 611 (10th Cir. 2012). But such a motion "cannot be used to expand a judgment to encompass new issues which could have been raised prior to issuance of the judgment." *Sprint Nextel Corp. v. Middle Man, Inc.*, 822 F.3d 524, 536 (10th Cir. 2016) (quotation omitted).

## II. BACKGROUND

Defendant was fired from her position as custodian after her employer, Defendant City and County of Denver (the "City"), learned she was representing herself as a Denver Police Officer on her public Facebook page. In her Motion, she argues the Court should reverse its determination that she failed to state a Title VII retaliation claim against the City Defendants.

## III. ANALYSIS

In its Order, the Court ruled that Plaintiff had failed to establish a prima face case of retaliation because she had not adduced evidence linking her firing with any protected activity. Her retaliation claim failed for the additional reason that she failed to raise a genuine issue as to whether the City's stated reasons for firing her were pretextual.

Plaintiff contends that the Order contains a material error, which she attributes to a typographical error in her Opposing Party's Response and Additional Facts and Supporting Evidence. There, she stated as follows:

> Gerovic complained to Anne Carter in September or October 2017 about Lemos treating her differently because she was not Hispanic and constantly harassing her. Exhibit E pp. 145:5-146:22a.

(ECF No. 126, ¶ 99.) In their Reply and Supporting Evidence, the City Defendants responded as follows:

> Disputed. Plaintiff failed to include the cited pages in her Exhibit E (Anne Carter's deposition). The Court and the City are not required to "scour the record in search

2

> of support for counsel's arguments." *Thome*, 2013 WL 3242813, at *2, n.3. There is no testimony in Anne Carter's deposition to support this fact.

(*Id.*)

The Court issued its Order more than five months later, during which time Plaintiff made no attempt to correct her error or clarify her position. She now argues that she meant to cite "Exhibit A," her own deposition, and sets forth an excerpt from that deposition in her Motion, citing "ECF No. 116-1, pp. 53-54." (ECF No. 135 at 4.) Plaintiff's counsel appears not to have learned from its previous carelessness, as the excerpt in fact appears at pages 35-36 of ECF No. 116-1. In any event, a Rule 59(e) motion "cannot be used to expand a judgment to encompass new issues which could have been raised prior to issuance of the judgment," *Sprint Nextel*, 822 F.3d at 536, so the Court could deny her Motion on that basis alone.

But even if the Court considers the stray testimony at this late hour, it does not provide a basis for reversing summary judgment. The testimony is that Plaintiff complained of harassment by Defendant Lemos *to Anne Carter*, who is not a Defendant in this case, in September or October. But Defendant Williams made the decision to fire Plaintiff in November, and there is no evidence that he was made aware of such a complaint. Therefore, the causation element of a prima facie case for retaliation is still lacking. Nor does the testimony raise a genuine issue as to whether the stated reasons for Plaintiff's firing were pretextual. As set forth in the Order, there was ample evidence in the record that the City Defendants genuinely believed Plaintiff had engaged in egregious misconduct by representing herself online as a Denver Police Officer.

In her Reply, Plaintiff takes a new approach, arguing that the Court must reexamine its Order in light of a recently decided age discrimination case, *Stroup v. United Airlines, Inc.*, 26 F.4th 1147 (10th Cir. Feb. 28, 2022). But although she quotes the case extensively, Plaintiff fails

3

to develop any argument that the case constitutes an intervening change in law for purposes of Rule 59(e). Nor does she identify any new evidence—relying instead on evidence that was before the Court when it ruled on the City Defendants' Motion.

Accordingly, the Court finds Plaintiff has failed to meet her burden with respect to establishing grounds for relief under Rule 59(e).

## IV. CONCLUSION

The Motion to Alter or Amend Judgment (ECF No. 135) is DENIED.

DATED this 5th day of April, 2022.

BY THE COURT:

RAYMOND P. MOORE
United States District Judge